```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
             DALLAS DIVISION
```

| | |
|---|---|
| NEXBANK, SSB, § | |
| § | |
| Plaintiff- § | |
| counterdefendant, § | |
| § | Civil Action No. 3:12-CV-1882-D |
| VS. § | |
| § | |
| BANK MIDWEST, N.A., § | |
| § | |
| Defendant- § | |
| counterplaintiff. § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity case, plaintiff-counterdefendant NexBank, SSB ("NexBank") moves under Fed. R. Civ. P. 12(f) to strike defendant-counterplaintiff Bank Midwest, N.A.'s ("Bank Midwest's") notice of removal and to remand the case, and it moves under Rules 12(b)(6) and 12(f) to dismiss Bank Midwest's answer and counterclaims, contending in support of both motions that Bank Midwest lacks the capacity to sue or defend because it forfeited its privileges to do business in Texas. For the reasons that follow, the court denies the motions.

I

NexBank and Bank Midwest entered into a participation agreement (the "Agreement") regarding a loan (the "Loan") that NexBank had made to a third party. Under the Agreement, Bank Midwest acquired an interest in the Loan and, in exchange, agreed to pay a pro rata portion of the expenses that NexBank incurred in overseeing and

administering the Loan. The parties dispute whether Bank Midwest is obligated to pay NexBank for certain fees and expenses that NexBank incurred in foreclosing on the Loan.

NexBank filed this suit in Texas state court seeking a declaratory judgment that Bank Midwest is obligated to reimburse and indemnify NexBank for Bank Midwest's pro rata share of all fees and costs that NexBank incurred in connection with the administration and foreclosure of the Loan. Bank Midwest removed the case to this court based on diversity of citizenship. It then filed an answer and counterclaims for breach of the Agreement and for money had and received/unjust enrichment.

NexBank does not contest that the parties are diverse citizens. Instead, it moves under Rule 12(f) to strike Bank Midwest's notice of removal and to remand the case, arguing that Bank Midwest lacks the capacity to sue or defend. NexBank also moves under Rules 12(b)(6) and 12(f) to strike and dismiss Bank Midwest's answer and counterclaims on the same basis. Bank Midwest opposes the motions.

II

A

NexBank moves to strike Bank Midwest's notice of removal and its answer and counterclaims on the basis that Bank Midwest lacks capacity to sue or defend because it forfeited its privileges to do business in Texas and those privileges had been forfeited when Bank Midwest filed its notice of removal and counterclaims. In support, NexBank attaches documents entitled "Franchise Tax Certification of Account Status" that list Bank Midwest's

status under taxpayer numbers ****2012 and ****8920 as "not in good standing." P. Mot. Strike & Remand App. 23, 25.[1] NexBank argues that because Bank Midwest's privileges had been forfeited pursuant to Tex. Tax Code § 171.251 (West 2008), it was prohibited from suing or defending in the Texas courts and, thus, was prohibited from filing a notice of removal or answer and counterclaims in this case.

Bank Midwest does not dispute that, at the time it filed its notice of removal and answer and counterclaims, its privileges to do business in Texas had been forfeited due to its failure to file a required report. It argues, however, that the deficiency has been remedied and that all of its tax obligations are currently satisfied. In support, Bank Midwest attaches a letter from the Texas Comptroller of Public Accounts certifying that Bank Midwest "is, as of [July 11, 2012], in good standing with this office having no franchise tax reports or payments due at this time." D. Strike & Remand App. 7.[2] Bank Midwest argues that because its rights have been reinstated, NexBank's motions, based on Bank Midwest's former lack of capacity, are now moot. It also posits that a Rule 12(f) motion to strike is not the proper procedural mechanism to challenge its lack of capacity to sue or defend and that NexBank has not met its heavy burden under Rule 12(b)(6).

---

[1] The court has truncated these numbers in this memorandum opinion and order. *See* Rule 5.2(a)(4) (referring to financial account numbers).

[2] Bank Midwest has also filed a request for judicial notice, in which it maintains that its tax identification number is ****2012, not ****8920, and that it is currently in good standing with the Texas Comptroller of Public Accounts. Because the court need not take judicial notice to deny Nexbank's motions, it will not address the request at this time.

B

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)). Moreover, although Rule 12(f) authorizes the court to "strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," *id.* (emphasis added), it only applies to pleadings. *See, e.g., Groden v. Allen*, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.) (holding that Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule applies only to pleadings." (citing *Shah v. Chertoff*, 2007 WL 2948362, at *5 (N.D. Tex. Oct. 10, 2007) (Ramirez, J.))). Rule 7(a) provides a list of permitted "pleadings" that determines what constitutes a pleading that is subject to being stricken under Rule 12(f). Rule 7(a) limits the universe of allowed "pleadings" to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Moreover, Rule

12(f) motions "are viewed with disfavor" and should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) (Ramirez, J.) (citations omitted), *rec. adopted*, 500 F.Supp.2d at 624 (N.D. Tex. 2007) (Lynn, J.). In moving to strike Bank Midwest's notice of removal, NexBank does not seek to strike a pleading within the meaning of Rule 12(f), and the notice that NexBank seeks to strike—even if construed as a pleading—has a definite relation to this case. NexBank is not entitled under Rule 12(f) to strike Bank Midwest's notice of removal and secure a remand of the case.

C

Although Bank Midwest's answer and counterclaims are pleadings to which Rule 12(f) applies, NexBank has failed to demonstrate that any portion of Bank Midwest's answer or counterclaims contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," as Rule 12(f) requires. Accordingly, the court denies NexBank's Rule 12(f) motion to strike Bank Midwest's answer and counterclaims.

III

NexBank also moves under Rule 12(b)(6) to dismiss Bank Midwest's counterclaims.[3]

A

In deciding NexBank's motion, the court evaluates the pleadings by "accept[ing] 'all

---

[3]Although is unclear whether NexBank intends to move to dismiss Bank Midwest's answer under Rule 12(b)(6), the court will assume it does not since Rule 12(b)(6) clearly does not apply to an answer.

- 5 -

well-pleaded facts as true, viewing them in the light most favorable to the [counterplaintiff].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive NexBank's motion, Bank Midwest must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [counterplaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counterdefendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [counterdefendant] has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [counterclaim] has alleged—but it has not 'shown'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).

B

Tex. Tax Code Ann § 171.251 provides for the forfeiture of corporate privileges if certain requirements are not met.[4] If a corporation's rights are forfeited, it cannot sue or

---

[4]Section 171.251 provides:

> The comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation:

defend in a Texas court or a federal court sitting in diversity. *See* Tex. Tax Code Ann. § 171.252; *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 n.4 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) (citing *Farris v. Sambo Rests., Inc.*, 498 F. Supp. 143, 148 (N.D. Tex. 1980) (Sanders, J.)). The forfeiture of privileges under § 171.251 creates only a temporary change of status, however, because the privileges can be revived under Tex. Tax Code Ann. § 171.258. Section 171.258 provides that "[t]he comptroller shall revive the corporate privileges of a corporation if the corporation, before the forfeiture of its charter or certificate of authority, pays any tax, penalty, or interest due under this chapter."[5] Following reinstatement, the revived rights relate back to the point of the delinquency. *Manning v. Enbridge Pipelines (East Tex.) L.P.*, 345 S.W.3d 718, 723 (Tex. App. 2011 pet. denied) (citing *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 839 (Tex. App. 1999, no pet.)); *see also Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n*,

---

> (1) does not file, in accordance with this chapter and within 45 days after the date notice of forfeiture is mailed, a report required by this chapter;
>
> (2) does not pay, within 45 days after the date notice of forfeiture is mailed, a tax imposed by this chapter or does not pay, within those 45 days, a penalty imposed by this chapter relating to that tax; or
>
> (3) does not permit the comptroller to examine under Section 171.211 of this code the corporation's records.

Tex. Tax Code Ann. § 171.251.

[5]The same is true of the forfeiture of a corporate charter or certificate of authority, which can be revived under Tex. Tax Code Ann. §§ 171.312-.314 (West 2008).

618 S.W.2d 81, 85 (Tex. Civ. App. 1980, writ ref'd n.r.e.) ("Once the corporation pays the delinquent taxes and is reinstated, this subsequent payment will relate back and revive whatever rights the corporation had at the time the suit was instituted.").

C

Bank Midwest does not plead any facts in its counterclaims that suggest that its corporate rights have been, or are currently, forfeited, or that it currently lacks the capacity to sue in this court or in a Texas court. NexBank asks the court to take judicial notice of Certificates of Account Status submitted in support of its motion to strike and dismiss, contending that these documents establish that Bank Midwest had forfeited its corporate privileges as of the date it filed its counterclaims.[6] But even taking judicial notice of the fact that Bank Midwest was not in good standing as of the date it filed its counterclaims, this does not demonstrate that Bank Midwest *currently* is not in good standing. Because a corporation's rights can be reinstated, and because the reinstatement of rights is retroactive, *see Bluebonnet Farms*, 618 S.W.2d at 85, it is plausible that Bank Midwest's corporate rights have been reinstated, meaning that its status relates back to the point of delinquency and that its counterclaims were properly filed.[7] Moreover, there is evidence in the record, at least as

---

[6]"In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).

[7]NexBank argues that "[w]hile Bank Midwest may have subsequently restored its corporate privileges as of July 11, 2012, and through August 15, 2012, with respect to Taxpayer No. ****2012, it did not do so *before the forfeiture* of its Certificate of Authority,

to taxpayer identification number ****2012, that Bank Midwest was in good standing from July 11, 2012 through August 15, 2012.[8]  Because it is plausible that Bank Midwest is currently in good standing with the Texas Comptroller and that its right to sue and defend in this court has been revived, relating back to the point of delinquency, the court denies NexBank's motion to dismiss Bank Midwest's counterclaims.

\* \* \*

For the reasons explained, the court denies NexBank's June 29, 2012 motion to strike and remand and its June 29, 2012 motion to strike and dismiss answer and counterclaim.  The

---

and, therefore, has not had its corporate privileges revived retroactively." P. Reply to Mot. to Strike & Dismiss 5 (emphasis in original).  Assuming *arguendo* that NexBank has provided supporting evidence for its assertion that Bank Midwest did not restore its corporate privileges before the forfeiture of its certificate of authority, NexBank provides no authority for the proposition that if a certificate of authority is forfeited, corporate privileges cannot be revived retroactively.  In fact, Tex. Tax Code Ann. § 171.312 expressly provides that "[a] corporation whose charter or certificate of authority is forfeited . . . is entitled to have its charter or certificate revived *and to have its corporate privileges revived* if . . . the corporation files each report that is required by this chapter and that is delinquent." (emphasis added).

[8]NexBank argues that, as to taxpayer identification number ****8920, Bank Midwest is still not in good standing and that the court cannot assume that Bank Midwest will continue in good standing for taxpayer identification number ****2012 after August 15, 2012.  The court holds for the reasons explained above that NexBank has failed to demonstrate under the Rule 12(b)(6) standard that Bank Midwest's corporate rights have not been revived.

court denies Bank Midwest's July 23, 2012 motion to strike.

**SO ORDERED.**

September 21, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE